

EGW: USAO 20189R00946



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT** MAR 27  PM 4: 14
**FOR THE DISTRICT OF MARYLAND**

CLERK'S OFFICE
AT GREENBELT

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** _____ DEPUTY |
|  | * | Px 19cr 154 |
| **v.** | * | **(Acceptance of Gratuities by a Public** |
|  | * | **Official, 18 U.S.C. § 201(c)(1)(B);** |
| **MICHAEL ANDRE BROWN,** | * | **Acceptance of Bribes by a Public** |
|  | * | **Official, 18 U.S.C. § 201(b)(2)(A) &** |
| **Defendant** | * | **(b)(2)(C), Forfeiture, 18 U.S.C.** |
|  | * | **§ 981(a)(1)(C), 21 U.S.C. § 853(p), 28** |
|  | * | **U.S.C. § 2461(c))** |
|  | * |  |

*******

## INDICTMENT

### COUNT ONE
### (Acceptance of Gratuities by a Public Official)

The Grand Jury for the District of Maryland charges that:

On or about December 26, 2018, in the District of Maryland, the defendant,

### MICHAEL ANDRE BROWN,

being a public official, otherwise than as provided by law for the proper discharge of official

duty, directly and indirectly demanded, sought, received, accepted, and agreed to receive and

accept anything of value personally for and because of any official act performed and to be

performed by such official, that is, the defendant received and accepted $100 for and because of

the performance and reporting of urinalysis testing at the request of U.S. Probation and Pretrial

Services.

18 U.S.C. § 201(c)(1)(B)

## COUNT TWO
**(Acceptance of Bribes by a Public Official)**

The Grand Jury for the District of Maryland further charges that:

On or about December 28, 2018, in the District of Maryland, the defendant,

### MICHAEL ANDRE BROWN,

being a public official, directly and indirectly corruptly demanded, sought, received, accepted, and agreed to receive and accept anything of value personally, in return for being influenced in the performance of any official act and in return for being induced to do and omit to do any act in violation of his official duty, that is, the defendant received and accepted $100 in return for being influenced in the performance of, and failure to perform, appropriate urinalysis testing and reporting of urinalysis results at the request of U.S. Probation and Pretrial Services.

18 U.S.C. § 201(b)(2)(A) and (b)(2)(C)

## COUNT THREE
### (Acceptance of Bribes by a Public Official)

The Grand Jury for the District of Maryland further charges that:

On or about February 11, 2019, in the District of Maryland, the defendant,

### MICHAEL ANDRE BROWN,

being a public official, directly and indirectly corruptly demanded, sought, received, accepted,

and agreed to receive and accept anything of value personally, in return for being influenced in

the performance of any official act and in return for being induced to do and omit to do any act in

violation of his official duty, that is, the defendant received and accepted $150 in return for being

influenced in the performance of, and failure to perform, appropriate urinalysis testing and

reporting of urinalysis results at the request of U.S. Probation and Pretrial Services.


18 U.S.C. § 201(b)(2)(A) and (b)(2)(C)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Three of this Indictment.

2.      As a result of the offenses set forth in Counts One through Three, the defendant,

### MICHAEL ANDRE BROWN,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, and all interest and proceeds traceable thereto, including but not limited to a forfeiture money judgment in the amount of $350.

### Substitute Assets

3.      If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Robert K. Hur* by EW
_____
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: March 27, 2019